IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JANE DOE**, *a pseudonym*, <br><br> Plaintiff, <br><br> v. <br><br> **DREXEL UNIVERSITY**, et al., <br><br> Defendants. | CIVIL ACTION <br><br> NO. 23-3555-KSM |

### MEMORANDUM

**MARSTON, J.**                                                                                          December 4, 2023

On September 13, 2023, Plaintiff initiated this action under the pseudonym "Jane Doe" against the Drexel University, Independence Blue Cross, QCC Insurance Company, and Personal Choice Health Benefits Plan ("Defendants"). (Doc. No. 1.) Plaintiff alleges that she, a transgender woman, sought preclearance for insurance coverage for a series of surgical procedures known as "Facial Feminization Surgery" ("FFS") as a medically necessary treatment to alleviate her body dysphoria and that Defendants discriminated against her by refusing to extend insurance coverage for these procedures. (*Id.* at ¶¶ 30–34.) Plaintiff also alleges that Defendants frequently misgendered Plaintiff by using pronouns that were not her preferred pronouns. (*Id.* at ¶¶ 55–61.) Plaintiff sues all Defendants for discrimination under Title VII of the Civil Rights Act of 1964, the Philadelphia Fair Practices Ordinance, Section 1557 of the Affordable Care Act, the Americans with Disabilities Act, ERISA, and Pennsylvania state law. (*Id.* at ¶¶ 82–95, 112–227 (Counts I, III–X).) She also brings Title IX discrimination claims against Defendant Drexel University. (*Id.* at ¶¶ 96–111 (Count II).)

Plaintiff moves for leave to proceed under pseudonym in this case. (Doc. No. 2.)

Defendants do not oppose the motion, but because a motion for leave to proceed under pseudonym intrudes on the public's right of access to judicial proceedings, the Court cannot grant the motion as unopposed without further analysis. *See Doe v. Meglass*, 654 F.3d 404, 408 (3d Cir. 2011).

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires a plaintiff to identify the parties by their real names in the complaint. Fed. R. Civ. P. 10(a); *see also Meglass*, 654 F.3d at 408; *Doe v. Rutgers*, Civ. No. 2:18-cv-12952-KM-CLW, 2019 WL 1967021, at *1 (D.N.J. Apr. 30, 2019). "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Meglass*, 654 F.3d at 408 (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). "Identifying parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *Id.* (cleaned up).

"A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (citation omitted). However, in exceptional cases, courts have permitted litigants to proceed anonymously, even though there is no explicit authority for doing so in the Federal Rules. *Id.*; *see also Doe v. Brennan*, No. 5-19-cv-5885, 2020 WL 1983873, at *1 (E.D. Pa. Apr. 27, 2020).

Examples of areas where courts have found that a limited exception exists and allowed plaintiffs to use pseudonyms include cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Meglass*, 654 F.3d at 408; *see also Doe v. Triangle Doughnuts, LLC*, No. 19-cv-5275, 2020 WL 3425150, at *4 (E.D. Pa. June 23, 2020). "With regard to transgender people specifically, courts in this Circuit have allowed anonymity due to the private and intimate nature of being transgender as

well as the widespread discrimination, harassment, and violence faced by these individuals." *Doe v. Genesis Healthcare*, 535 F. Supp. 3d 335, 339 (E.D. Pa. 2021) (citations omitted).

"District courts have the discretion to determine whether the exceptional circumstances warranting anonymity are present." *Meglass*, 654 F.3d at 408; *see also Doe v. Ct. of Comm. Pleas of Butler Cnty.*, Civil Action No. 17-1304, 2017 WL 5069333, at *1 (W.D. Pa. Nov. 3, 2017). In making such a determination, "district courts should balance a plaintiff's interest and fear [of disclosure] against the public's strong interest in an open litigation process." *Meglass*, 654 F.3d at 408. In conducting the balancing test, courts in this Circuit weigh nine, non-exhaustive factors, six of which favor anonymity and three of which favor "the traditional rule of openness." *Id.* at 409–10 (endorsing the nine-factor test first articulated in *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)); *see also Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021).

The factors that support the use of a pseudonym include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Meglass*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). On the other hand, factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of the litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained;

3

and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68).

## II.     DISCUSSION

The Court begins with the six factors supporting anonymity before turning to the three factors supporting disclosure.

### A.     Factors that Support the Use of a Pseudonym

#### 1.     Factor 1

First, the Court considers the extent to which Doe's anonymity has been preserved.  This factor favors plaintiffs "who 'make substantial efforts to maintain anonymity' and '[l]imit disclosure of sensitive information to few other people.'"  *Rutgers*, 2019 WL 1967021, at *2 (citation omitted).  Plaintiff has kept her identity confidential throughout her life and does not publicly identify as transgender. (Doc. No. 2 at 9–10.)  Plaintiff has maintained her confidentiality with the exceptions of only "close family and not all of my family members, my partner, and only close friends," medical providers for the purpose of accessing healthcare for her gender transition, Defendants to the extent necessary to obtain preclearance for gender-affirming treatments, and the Equal Employment Opportunity Commission in order to exhaust her administrative remedies in this case.  (Doc. No. 2-1 at ¶¶ 4–9.)

In short, Plaintiff has consistently worked to maintain her anonymity.  Accordingly, the Court finds this factor weighs in favor of allowing her to proceed under pseudonym.  *See Doe v. Triangle Doughnuts, LLC*, 2020 U.S. Dist. LEXIS 109495, at *14 (holding that the first factor weighed in favor of proceeding pseudonymously when transgender plaintiff kept her identity confidential with the exception of revealing her transgender identity to "counsel, close friends, family, treating physicians, and employers 'to the extent required'"); *Doe v. Genesis Healthcare*,

535 F. Supp. at 340 ("Plaintiff has maintained her confidentiality since the commencement of this litigation in order to protect herself, which weighs in favor of anonymity. Plaintiff wants to live and present herself as female, and has only revealed the fact that she is transgender to counsel, close friends, family, treating physicians, employers to the extent necessary, and to administrative agencies regarding her driver's license and this lawsuit.").

### 2. Factor 2

Second, we consider Doe's reasons for seeking anonymity and whether those reasons are reasonable and substantial. To proceed anonymously, a plaintiff must demonstrate "'both (1) fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Meglass*, 654 F.3d at 408 (citation omitted). A plaintiff's fear that she may suffer embarrassment or economic harm does not suffice. *Id.*; *see also Doe v. Temple Univ.*, Civil Action No. 14-04729, 2014 WL 4375613, at *1 (E.D. Pa. Sept. 13, 2014). Other courts in this district have recognized the legitimate and reasonable fear of severe harm suffered by members of the LGBTQ community. *See Doe v. Indep. Blue Cross*, Civil Action No. 22-2412, 2022 WL 2905252, at *5 (E.D. Pa. Jul 22, 2022) (granting transgender plaintiff's motion to proceed pseudonymously because plaintiff's fears of harm, including insults, isolation, and assaults, and "'significant stigma' if her transsexualism and 'most intimate details of [her] anatomy and mental state' were disclosed" were "real and reasonable"); *Del. Valley Aesthetics, PLLC v. Doe*, CIVIL NO. 20-0456, 2021 WL 2681286 (E.D. Pa. June 30, 2021) (citing *Doe v. Univ. of Scranton*, No. 3:19CV1486, 2020 WL 1244368, at *2 (M.D. Pa. Mar. 16, 2020)) ("[The court in *University of Scranton* held] that because of the known threat of violence to the LGBTQ community and previous instances of physical assault and threat to murder accompanying the disclosure of sexual orientation, there was reasonable fear.")). Here, Plaintiff has similarly alleged a legitimate fear of violence. (Doc. No. 2 at 16.) Plaintiff alleges that "[t]hroughout [her] life, [she has] been insulted, isolated, and

harassed when others perceive[d] [her] to be transgender or gender non-conforming." (Doc. No. 2-1 at ¶ 3.) She further declares, "I fear disclosure of my identify (sic) as transgender because of the violence that may occur against me if I identify in this way." (*Id.* at ¶ 9.) Plaintiff also provides anecdotal evidence and statistics demonstrating violence against people who are transgender. (Doc. No. 2 at 14–16.) Accordingly, the Court finds that Plaintiff has demonstrated real and reasonable fears of severe harm, and this factor weighs in favor of granting Plaintiff's motion to proceed under pseudonym.

### 3. Factor 3

As to the third factor, the Court must ask: "if this litigant is forced to reveal [ ] her name, will other similarly situated litigants be deterred from litigating claims that the public would like to have litigated?" *Meglass*, 654 F.3d at 410. Plaintiff argues that "if the instant Motion were denied, Plaintiff would be faced with the choice of having to potentially drop the lawsuit to avoid revealing her identity, and justice would not be served in such a case." (Doc. No. 2 at 19.) The Court agrees that the public interest for maintaining confidentiality of the Plaintiff's identity outweighs the need for a public judicial proceeding because "employment discrimination cases based on gender identity deal with essential societal issues of equity and personal value." *Doe v. Genesis Healthcare*, 535 F. Supp. at 340.; *Doe v. Triangle Doughnuts*, 2020 U.S. Dist. LEXIS 109495, at *15 (same). "It is also likely that other similarly situated litigants would be deterred from litigating these types of claims for the same reasons." *Id.*; *see also Doe v. Indep. Blue Cross*, 2022 U.S. Dist. LEXIS 130152, at *5–6 ("[T]rans people are stigmatized and suffer abuse, mocking, harmful media comments, estrangement, suicide, and murder. Future plaintiffs would be discouraged from pursuing discrimination litigation knowing their identities and transsexualism would be disclosed." (cleaned up)). This factor weighs in favor of permitting Plaintiff to proceed anonymously.

### 4. Factor 4

Next, the Court considers whether Doe's claims are purely legal in nature, such that there is an "atypically weak public interest in knowing the litigants' identities." *Meglass*, 654 F.3d at 409 (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). This factor weighs slightly against anonymity because this case involves factual questions about Defendants' alleged discrimination in rejecting Plaintiff's request for preclearance authorization of medical procedures. *T.D.H. v. Kazi Foods of N.J., Inc.*, Civil No. 5:23-cv-00634-JMG, 2023 U.S. Dist. LEXIS 131748, at *7–8 (E.D. Pa. July 31, 2023) (holding that this factor weighs against anonymity because "Plaintiff's claims invoke significant factual questions about the alleged discrimination, harassment, assault and hostile work environment to which Plaintiff was subjected[; thus,] Plaintiff's claims are not purely legal in nature and there is not an atypically weak public interest in knowing the litigants' identities"). *But see Doe v. Indep. Blue Cross.*, 2022 U.S. Dist. LEXIS 130152, at *6 (in a similar case where the transgender plaintiff sued Defendant insurance company for failing to cover medically necessary FFS procedures, "The low public interest in knowing the litigant's identity favors anonymity. The parties may be interested in the legal issues in the case, but not plaintiff's identity. Her personal identity is not necessary to resolution of the legal issues in this case. Her identity can be disclosed to the defendant during the litigation without disclosing it publicly.").

### 5. Factor 5

The fifth factor concerns whether Doe will refuse to pursue this litigation if she is required to publicly identify herself. Doe has not represented that she would withdraw her claims if publicly identified. (Doc. No. 2 at 19.) Instead, in her initial motion, she states only that she would be "faced with the choice" of failing to pursue her claims if identified. (*Id.*) As such, the Court finds that this factor is neutral. *See Doe v. Indep. Blue Cross.*, 2022 U.S. Dist.

7

LEXIS 130152, at *6 ("Whether plaintiff would refuse to pursue this case if her identity was public is neutral.  She does not state that she would not pursue the case.").

### 6. Factor 6

Finally, because Doe does not have illegitimate or ulterior motives in proceeding anonymously, the sixth factor weighs in favor of granting her motion.

## B. Factors that Support Disclosure

The Court now turns to the second grouping of factors—those that generally weigh against allowing plaintiffs to use pseudonyms in judicial proceedings.

### 1. Factor 1

The first factor concerns the degree of public interest in the plaintiff's identity.  The Third Circuit has "acknowledge[d] the thumb on the scale that is the universal interest in favor of open judicial proceedings."  *Meglass*, 654 F.3d at 411; *see also Coll. of N.J.*, 997 F.3d at 496 ("As we have noted, the public's interest in open judicial proceedings always runs counter to a litigant's interest in anonymity—the question is whether the interest in anonymity outweighs the public's interest.").  Accordingly, this factor weighs against anonymity.

### 2. Factor 2

Next, the Court considers whether the subject of the instant litigation heightens the public's interest.  "Plaintiff is not a public figure, which decreases the public's interest in knowing Plaintiff's identity." *Doe v. Genesis Healthcare*, 535 F. Supp. at 341.  "Although the issues of whether facial feminization surgery for a transgender person is medically necessary and is a covered medical procedure are of interest, [. . .] that interest is not one shared generally by the public." *Doe v. Indep. Blue Cross*, 2022 U.S. Dist. LEXIS 130152, at *7.  Furthermore, Plaintiff here has only made a limited request to conceal her name and address.  (Doc. No. 2 at 19.)  *See Doe v. Pa. Dep't of Corr.*, No. 4:19-CV-01584, 2019 WL 5683437, at *6–7 (M.D. Pa.

Nov. 1, 2019) ("I further note that he makes a limited request, moving only to have his name and address concealed. This means that, unlike a sealed proceeding, the public will have access to everything else in the proceedings as they would in a typical case. Given that, the public interest in monitoring the courts will not be not (sic) greatly harmed."). Accordingly, the Court finds this factor weighs in favor of anonymity.

### 3. Factor 3

Last, the Court notes that Defendant does not oppose Plaintiff's use of a pseudonym. Thus, this factor also weighs in favor of anonymity.

### C. Balancing Test

Taken together, the balance of the factors weighs in favor of permitting Doe to use a pseudonym: Doe's maintenance of anonymity, her reasonable fears of stigmatization and reputational harm, the potential deterrence of other victims bringing similar suits, Doe's lack of ulterior motives, Doe's identity as a non-public figure, and the lack of opposition by Defendant. Two factors weigh slightly in favor of disclosure of her identity: the factual nature of her claims and the public interest in open judicial proceedings. The remaining factor is neutral. The Court finds that Plaintiff has overcome the strong presumption in favor of requiring parties to publicly identify themselves. Her motion is granted.

## III. CONCLUSION

Plaintiff's motion for leave to proceed under pseudonym is granted. An appropriate order follows.